## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## COLORADO SPRINGS DIVISION

| | |
|---|---|
| SHANNON AMANN, MELISSA ZINTSMASTER, and CHARLES ZINTSMASTER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:16-cv-01023 ) |
| NAVIENT SOLUTIONS, INC., and SALLIE MAE BANK, | ) ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, SHANNON AMANN, MELISSA ZINTSMASTER, AND CHARLES ZINTSMASTER ("Plaintiffs") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of NAVIENT SOLUTIONS, INC. ("Navient"), and SALLIE MAE BANK ("SMB") ("Defendants") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.

3. This Court has federal question jurisdiction because this case arises out of violations of

federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Defendants conduct business in the Colorado Springs, El Paso County, Colorado.

5. Defendants also conduct business in the El Jebel, Eagle County, Colorado.

6. Venue and personal jurisdiction in this District are proper because Defendants transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, SHANNON AMANN, is a resident of Colorado Springs, El Paso County, Colorado.

8. Plaintiff, MELISSA ZINTSMASTER, is a resident of El Jebel, Eagle County, Colorado.

9. Plaintiff, CHARLES ZINTSMASTER, is a resident of El Jebel, Eagle County, Colorado.

10. In April 2014, Sallie Mae Bank spun off its loan servicing division and created Navient Solutions, Inc.

11. Navient is a publicly traded U.S. corporation based in Wilmington, Delaware.

12. Navient services and collects on student loans issued by SMB.

13. Navient manages approximately $300 billion in student loans for over 12 million consumers.

14. SMB is a publicly traded corporation that provides consumer banking.

15. SMB is headquartered in Newark, Delaware.

## FACTUAL ALLEGATIONS

16. Between approximately 2005 and 2008, Plaintiff, SHANNON AMANN applied for and received student loans through SMB.

17. All of the telephone calls Defendants made to Plaintiffs were an attempt to collect on

SHANNON AMANN's student loans.

18. None of the calls Defendants made to Plaintiffs were for an emergency purpose.

19. Within four (4) years of Plaintiffs filing this First Amended Complaint, Defendants placed calls to Plaintiffs cellular telephones regarding SHANNON AMANN's student loans.

20. Within four (4) years of Plaintiffs filing this First Amended Complaint, Defendants called the following parties on the following telephone numbers:

   a. SHANNON AMANN: xxx-xxx-0395,

   b. MELISSA ZINTSMASTER: xxx-xxx-9665,

   c. CHARLES ZINTSMASTER: xxx-xxx-3890,

21. Defendants called Plaintiffs from the following telephone numbers:

   a. 765-637-0791,

   b. 765-637-0792,

   c. 317-550-5595,

   d. 317-550-5589,

   e. 317-550-5585,

   f. 765-637-0793,

   g. 703-439-1080,

   h. 570-904-8747,

   i. 570-904-8746,

   j. 317-550-5596,

   k. 302-261-5532, and

   l. 302-261-5544

22. The following telephone numbers are Defendants' phone numbers: 765-637-0791, 765-

637-0792, 317-550-5595, 317-550-5589, 317-550-5585, 765-637-0793, 703-439-1080, 570-904-8747, 570-904-8746, 317-550-5596, 302-261-5532, and 302-261-5544.

23. Prior to April 2014, SMB called Plaintiffs on their cellular telephones.

24. Prior to April 2014, Plaintiff, SHANNON AMANN, told SMB to stop calling their cellular telephones.

25. Despites Plaintiff's, SHANNON AMANN's, request for the calls to stop, SMB continued to call Plaintiffs' cellular telephones.

26. On or about January 7, 2016, Plaintiff, SHANNON AMANN, spoke with one of Navient's collectors.

27. On or about January 7, 2016, Plaintiff, SHANNON AMANN, requested Navient only call her home telephone number, and her personal cellular telephone, and to stop calling her mother's (MELISSA ZINTSMASTER) and father's (CHARLES ZINTSMASTER) cellular telephones.

28. Despite Plaintiff's, SHANNON AMANN's, request that Navient stop calling her parents' cell phones, Navient continued to call her mother's (MELISSA ZINTSMASTER) and father's (CHARLES ZINTSMASTER) cellular telephones.

29. On or about March 3, 2016, Plaintiff, SHANNON AMANN, again spoke with one of Navient's collectors.

30. On or about March 3, 2016, Plaintiff, SHANNON AMANN, requested Defendant stop calling her on her cellular telephone.

31. Plaintiff spoke with Navient's collectors Amanda Perry, Jacob, James, and Chris in an attempt to get Navient to stop calling.

32. Despite Plaintiff's, SHANNON AMANN's, request, Navient continued to place collection

4

   calls to Plaintiff's, SHANNON AMANN's, cellular telephone.

33. All of the calls Navient made to Plaintiffs' cellular telephones were made with the Noble Systems Dialer.

34. Prior to calling Plaintiffs' cellular phone numbers, Defendants knew the numbers were cellular telephone numbers.

35. All of the calls Defendants made to Plaintiffs cellular telephones resulted in Plaintiffs incurring a charge for incoming calls.

36. During at least one conversation, Defendants learned that all Plaintiffs wanted Defendants to stop calling their cell phone numbers.

37. Even if at one point Defendants had permission to call Plaintiffs' cell phone numbers, Plaintiffs revoked this consent, yet Defendants continued to call their cell phones.

38. Defendants used an automatic telephone dialing system to place telephone calls to Plaintiffs' cellular telephones at within 4 years of Plaintiffs filing Plaintiffs' First Amended Complaint.

39. Within 4 years of Plaintiffs filing Plaintiffs' First Amended Complaint, Defendants called Plaintiffs' cellular telephones in predictive mode.

40. Within 4 years of Plaintiffs filing Plaintiffs' First Amended Complaint, Defendants left pre-recorded voicemail messages for Plaintiffs on Plaintiffs' cell phones.

41. The phone system(s) Defendants used to call Plaintiffs' cell phones has the capacity to store telephone numbers.

42. The phone system(s) Defendants used to call Plaintiffs' cell phones has the capacity to call stored telephone numbers automatically.

43. The phone system(s) Defendants used to call Plaintiffs' cell phones has the capacity to call

stored telephone numbers without human intervention.

44. The phone system(s) Defendants used to call Plaintiffs' cell phones has the capacity to call telephone numbers in sequential order.

45. The phone system(s) Defendants used to call Plaintiffs' cell phones has the capacity to call telephone numbers randomly.

46. The phone system(s) Defendants used to call Plaintiffs' cell phones selects telephone numbers to be called according to a protocol or strategy entered by Defendants.

47. The phone system(s) Defendants used to call Plaintiffs' cell phones simultaneously calls multiple consumers.

48. While Defendants called Plaintiffs on their cellular telephone phones, Plaintiffs' cell phone lines were unavailable for legitimate use during the unwanted calls.

## DEFENDANTS VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

49. Defendants made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiffs using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, as evidenced by the pre-recorded nature of the calls.

50. These phone calls were made without the prior express consent of Plaintiffs.

51. Even if Defendants had consent, Plaintiffs later revoked their consent.

52. Defendants' conduct therefore violated the TCPA by:
    a. Placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, SHANNON AMANN, MELISSA ZINTSMASTER, AND CHARLES ZINTSMASTER, respectfully request judgment be entered against Defendants, NAVIENT SOLUTIONS, INC. and SALLIE MAE BANK, for the following:

53. As a result of Defendants' negligent violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

54. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

55. Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct in the future.

56. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 17, 2016         By: /s/Michael S. Agruss
                          Michael S. Agruss
                          SBN: 6281600
                          Agruss Law Firm, LLC
                          4809 N. Ravenswood Ave.
                          Suite 419
                          Chicago, IL 60640
                          Tel: 312-224-4695
                          Fax: 312-253-4451
                          michael@agrusslawfirm.com
                          Attorney for Plaintiffs

# PROOF OF SERVICE

I, Michael S. Agruss, state the following:

I am employed in Chicago, Illinois.  I am over the age of 18, and am not a party to this action.  My business address is 4809 N. Ravenswood Ave., Suite 419, Chicago, IL, 60640.  On June 17, 2016, I served the following documents:

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

   On the parties listed below:

**Dennis Norman Lueck, Jr.**
Akerman LLP-Denver
1400 Wewatta Street
Suite 500
Denver, CO 80202
Email: dennis.lueck@akerman.com

**Taylor T. Haywood**
Akerman LLP-Denver
1400 Wewatta Street
Suite 500
Denver, CO 80202
Email: taylor.haywood@akerman.com

   By the following means of service:

[X]   **BY MAIL:** I deposited the envelope in the mail in Chicago, Illinois.  The envelope was mailed with postage fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid in Chicago, Illinois, in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of Illinois that the above is true and correct.

   Executed on June 17, 2016.

                                   By:  /s/ Michael S. Agruss_____
                                        Michael S. Agruss